IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBERT D. GLENN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV08-522-N-EJL |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| LYNN GUYER, Acting Warden of | ) | |
| ICI-O; IDAHO COMMISSION OF | ) | |
| PARDON AND PAROLE; IDAHO | ) | |
| DEPARTMENT OF CORRECTION, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

The Court previously issued an Order and Notice of Intent to Dismiss, allowing

Petitioner Robert D. Glenn (Petitioner) to file further briefing to show that his Petition for

Writ of Habeas Corpus should not be summarily dismissed.  (Docket No. 4.)  Petitioner

filed a brief on February 20, 2009.  (Docket No. 5.)  Having reviewed the brief, as well as

the record in this case, the Court concludes that summary dismissal or denial of the

Petition for Writ of Habeas Corpus is appropriate.

**REVIEW OF PETITION FOR SUMMARY DISMISSAL OR DENIAL**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily

dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

MEMORANDUM DECISION AND ORDER  1

district court." The United States Supreme Court has held that federal courts are not required to address a procedural default issue before deciding against the petitioner on the merits. *Lambrix v. Singletary*, 520 U.S. 518 (1997). Where the question of procedural default presents a complicated question of law and is unnecessary to a disposition of the case, a court may proceed to the merits. *Id.* at 525; *Hudson v. Jones*, 351 F.3d 212 (6th Cir. 2003); *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir.1997) (deciding against the petitioner on the merits even though the claim was procedurally defaulted); *cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Here, Petitioner has represented that he properly exhausted his state court remedies. However, it appears that he did not file a petition for review with the Idaho Supreme Court after the Idaho Court of Appeals affirmed denial of his Rule 35 motion for correction of illegal sentence. (Petition Exhibits, pp. 7 & 9-10.) Because Petitioner's Petition is subject to denial on the merits, the Court does not address procedural default, which itself appears to be a bar to Petitioner's claims.

Assuming for purposes of argument that the Idaho Court of Appeals' decision is "the last reasoned decision" in Petitioner's state court action addressing the constitutionality of the forfeiture of his parole time, that is the decision this Court reviews. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). Here, the Idaho Court of Appeals decided that Petitioner's "contention that the Parole Commission's action

MEMORANDUM DECISION AND ORDER  2

unconstitutionally extended the sentence is incorrect, for his term of imprisonment has not been extended beyond that imposed by the court." (Petition Exhibits, p. 10.) The Court of Appeals reasoned, "Glenn's unified sentence was for a term of nine years of i*ncarceration*, and time spent on parole does not constitute service of a term of incarceration." (*Id.*, emphasis in original.)

Under the Anti-terrorism and Effective Death Penalty Act (AEDPA), which was enacted in 1996, a federal court may grant habeas relief only if the state court's adjudication on the merits:

1.    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Court incorporates by reference its prior Order, which outlines in detail the legal grounds justifying dismissal of this case under § 2254(d). (Docket No. 4.) In addition, the Court considers the following arguments made or implied in the briefing submitted on February 20, 2009. On April 9, 1998, Petitioner was sentenced to 11 years of imprisonment. He has not served 11 years of imprisonment to date, having lived on parole for 2.3 years, and yet he argues that he should have been released for having served his complete sentence on October 25, 2008, a projected release date set *prior* to his

MEMORANDUM DECISION AND ORDER  3

parole violation and re-incarceration.[1]  It is a fallacy under the law to suggest that a prison sentence is set to end on a date certain if an inmate has been paroled.  That date certain is accurate only if the inmate does not violate parole and does not become incarcerated again.  As a matter of law, the Court concludes that Petitioner has provided no facts showing that he is being held past his full-term release date.

The Court has also considered whether it would be a gross injustice that amounts to a constitutional violation to permit forfeiture of 855 days that Petitioner spent on parole based on a comparison of the length of the sentence to the length of time on parole.  As a matter of law, this argument fails, because the Court finds no precedent that would mandate Petitioner's desired outcome.  Petitioner's forfeited time is approximately 21% of his total sentence, or 2.5 of 11 years.  This does not approach an amount of time or a proportion that might be deemed cruel and unusual punishment or a due process violation (compared, for example, to someone who had served 10 of 11 years on parole, and then was required to serve an additional 10 years in prison), even if there were any law supporting such a theory.

Whether Petitioner violates parole is entirely up to him.  Petitioner's argument that the government is playing "cat and mouse" with him, or is otherwise taking advantage of him is unsound in light of the fact that parole is not a right, but a privilege,

---

[1]  The Idaho Department of Correction (IDOC) website shows that Petitioner's release date on his conviction for lewd and lascivious conduct with a minor is set for August 9, 2009. He also has a subsequent conviction for failure to register as a sex offender, for which the release date is August 9, 2013.  See https://www.accessidaho.org/public/corr/offender/search.

MEMORANDUM DECISION AND ORDER  4

and that it is not mandatory, but voluntarily accepted by inmates knowing full well the conditions attached thereto.  *See Izatt v. State*, 104 Idaho 597, 661 P.2d 763, 766 (1983) (in Idaho, parole is a matter of grace).

For all of the foregoing reasons and those set forth in the previous Order, the Court concludes that Petitioner's claim is subject to summary dismissal or denial. Petitioner has not shown that the Court of Appeals' decision is contrary to or involves an unreasonable application of United States Supreme Court precedent, nor has he shown that the decision is based on an unreasonable determination of the facts.  Therefore, Petitioner is not entitled to relief under 28 U.S.C. § 2254.  As a result, Petitioner's case shall be dismissed with prejudice.

## REVIEW OF THE CLAIMS AND THE COURT'S DECISION
## FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

In the event Petitioner files a notice of appeal from this Court's judgment, and in the interest of conserving time and resources, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed.  28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

MEMORANDUM DECISION AND ORDER  5

were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has denied the Petition on the merits. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record and decision again, the Court concludes that reasonable jurists would not find debatable the Court's decision on the merits of the claims raised in the Petition and that the issues presented are not adequate to deserve encouragement to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action. Petitioner may request a COA from the Ninth Circuit Court of Appeals, if he desires, pursuant to Federal Rule of Appellate Procedure 22(b).

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Petition (Docket No. ) is DENIED, and this action is DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that the Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice appeal, the Clerk of

MEMORANDUM DECISION AND ORDER  6

Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's

notice of appeal, to the Ninth Circuit Court of Appeals.


DATED:  **June 24, 2009**

Honorable Edward J. Lodge
U. S. District Judge